# IN THE COURT OF APPEALS OF IOWA

No. 23-0999
Filed July 3, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BRYAN RAY DUNN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Audubon County, Jeffrey L. Larson, Judge.

Brian Ray Dunn appeals the sentence imposed after pleading guilty to third-degree sexual abuse. **APPEAL DISMISSED.**

Krisanne C. Weimer of Weimer Law, PC, Council Bluffs, for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee.

Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

Brian Ray Dunn appeals the sentence imposed after pleading guilty to third-degree sexual abuse. Upon our review, we dismiss this appeal for lack of good cause.

Dunn pled guilty to a lesser charge of third-degree sexual abuse after he "aided and abetted [his] co-defendant in allowing him to sexually abuse his girlfriend" and failed to report it. In the written plea of guilty he signed, Dunn waived several rights. For example, the plea stated:

> 17. I understand that if I wish to challenge this Plea of Guilty, I must do so by filing a **Motion in Arrest of Judgment** at least five (5) days prior to the Court imposing sentence, but no more than 45 days from today's date.
> 18. [I] understand that I have the right to the preparation of a pre-sentence investigation report and a delay of at least 15 days between the date this plea is entered and the date of sentencing. I further understand that if I am sentenced immediately, I lose my right to challenge any defect in this plea or plea proceeding by motion in arrest of judgment and appeal to a higher court. Knowing the above, I request the court to sentence me immediately. I do request a presentence evaluation report be prepared.[1]

The court also addressed Dunn personally at the combined plea and sentencing hearing: "You also have the right to file what's called a Motion in Arrest of Judgment, but that has to be filed before your sentencing date, so you wouldn't have a chance to file that motion. Do you understand that?" Dunn replied, "Yes, Your Honor."

Dunn waived his right to file a motion in arrest of judgment and proceeded to immediate sentencing. The court sentenced Dunn to an indeterminate term of

---

[1] The bold and underline emphases were included in the original guilty plea.

incarceration not to exceed ten years.  Dunn appeals, contending the court failed to properly advise him of his rights and asking us to remand for resentencing.[2]

There is no right of appeal from a final judgment of sentence entered after pleading guilty.  Iowa Code § 814.6(1)(a)(3) (2023).  An exception exists if the defendant pled guilty to a class "A" felony or can show good cause to appeal.  *Id.* Dunn, as the defendant, bears the burden of establishing good cause to appeal. *See State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021).  Good cause to appeal exists if a defendant shows "a ground that potentially would afford . . . relief."  *Id.*

Dunn claims he has good cause to appeal based on a defect in the plea proceeding.  To preserve error on a claim of a defective plea proceeding, a defendant is usually required to raise the issue in a motion in arrest of judgment. *See* Iowa R. Crim. P. 2.8(2)(d).[3]  The purpose of the rule "is to allow the district court to correct defects in guilty plea proceedings before an appeal and therefore eliminate the necessity for the appeal."  *State v. Hanes*, 981 N.W.2d 454, 458 (Iowa 2022).  "Requiring a motion in arrest of judgment ensures that there will be a district court ruling to review on appeal, and . . . provides the district court an opportunity to correct the error."  *Id.* at 460.  An exception exists if the court "failed

---

[2] Dunn challenges his guilty plea.  While "the remedy for a valid challenge to a guilty plea is to vacate the plea, reverse the judgment of conviction, and allow the defendant to plead anew," *State v. Weitzel*, 905 N.W.2d 397, 408 (Iowa 2017), Dunn instead requests resentencing.

[3] At the time that Dunn pled guilty, rule 2.8(2)(d) stated, "The court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion of arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal."  The Iowa Supreme Court amended the Iowa Rules of Criminal Procedure effective July 1, 2023, after Dunn filed his notice of appeal.  Although the amended rule is substantively the same, the requirements are now set out in three subparagraphs. *See* Iowa R. Crim. P. 2.8(2)(d)(1)–(3).

to adequately advise the defendant of the necessity for filing a motion in arrest of judgment and the consequences of not filing a motion in arrest of judgment." *Tucker*, 959 N.W.2d at 153. To determine whether the requirements of rule 2.8(2)(d) were met, we employ "a substantial compliance standard." *State v. Fisher*, 877 N.W.2d 676, 682 (Iowa 2016).

We find that Dunn has not shown good cause to appeal. He concedes his written guilty plea "appears to substantially comply with the requirements" of rule 2.8(2)(d). Further, at the plea hearing, the court again told Dunn he needed to file a motion in arrest of judgment to preserve any claims regarding defects in the plea proceeding, and Dunn affirmed that he understood. When the written plea and in-court colloquy are "considered together," Dunn was adequately informed of the requirement to challenge defects in the plea proceeding by filing a motion in arrest of judgment. *See Fisher*, 877 N.W.2d at 681–82 (considering whether the combination of colloquy and guilty plea "substantially complied" with the requirements).

Because Dunn failed to preserve error by filing a motion in arrest of judgment, he has not shown good cause to appeal. *See Hanes*, 981 N.W.2d at 462 (holding a defendant who fails to file a motion in arrest of judgment cannot establish good cause to pursue a direct appeal from a guilty plea as a matter of right). As a result, we lack jurisdiction and must dismiss the appeal without reaching the merits. *See id.* (stating that when a defendant fails to show good cause to appeal, the appellate court is deprived of jurisdiction and dismissal of the appeal is required).

**APPEAL DISMISSED.**